PALMER et al. v. STUBLEY et al.

(Supreme Court, Special Term, Orange County. January 25, 1908.)

1. MUNICIPAL CORPORATIONS—OFFICERS—APPOINTMENT—VACANCY.

A vacancy in a city office cannot be anticipated, and filled by appointment before it exists, in the absence of express authority.

2. SAME—PROVISIONS OF CITY CHARTER.

Port Jervis City Charter, Laws 1907, p. 2114, c. 753, provides that the first election of officers under the charter shall be held with the general election in November, 1907, and that the term of office of the officers chosen shall commence with the beginning of 1908, and that no vacancy shall be held to exist in any of the city or ward offices prior to January

1, 1908, by reason of the failure of the charter to provide for the occupancy of the offices to such date. Section 20 provides that if a vacancy shall occur in any elective office of the city, except as otherwise provided in the act, the common council shall appoint a person to fill such vacancy for the balance of the unexpired term. *Held*, that the death of a supervisor elect prior to January 1, 1908, did not create a vacancy, and a common council whose life ended on December 31, 1907, had no power, prior to that date, to appoint his successor.

3. SAME.

The phrase, "for the balance of the unexpired term," in section 20, p. 2123, c. 753, Laws 1907, indicates the Legislature's intention that at the time of filling a vacancy some part of the term must have expired.

Action by Raymond Palmer and another, taxpayers, against Ingham Stubley, as clerk of the board of supervisors of Orange county, and another. Motion for injunction pendente lite. Motion granted.

Joseph W. and Percy V. D. Gott, for plaintiffs.
C. E. and S. M. Cuddeback, for defendant Gariss.

TOMPKINS, J. No vacancy existed in the office of supervisor of the First Ward of the city of Port Jervis at the time of the appointment by the common council of the defendant Emmett Gariss. A vacancy cannot be filled by appointment until it exists. It cannot be anticipated in the absence of express authority. There is no statutory or other authority giving to the common council of the city of Port Jervis the right to anticipate a vacancy and fill it by appointment. On the contrary, the charter of the city expressly provides that the first election of officers under the city charter, including a supervisor from each ward, shall be held with the general election in November, 1907, and that the term of office of each officer then chosen shall commence with the beginning of 1908, and that "no vacancy shall be held to exist in any of the city or ward offices prior to the first day of January, 1908, by reason of the failure to provide herein for the occupancy of said offices to such date." Section 20 of the charter (Laws 1907, p. 2123, c. 753) also provides:

"Except as otherwise provided in this act, if a vacancy shall occur in any elective office of the city, the common council shall appoint a person to fill such vacancy for the balance of the unexpired term."

The death of the supervisor elect prior to January 1, 1908, did not create a vacancy, because the term of office for which he was elected had not commenced, nor had he entered upon his term, or assumed office. No vacancy could exist until January 1, 1908. Hence it necessarily follows that the common council, whose life ended on December 31, 1907, had no power prior to that date to appoint the defendant Gariss. The words, "for the balance of the unexpired term," in section 20, clearly indicate that the intention of the Legislature was that at the time of filling a vacancy some part of the term must have expired.

Motion for injunction pendente lite granted.