THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD C. DETHLOFF and SAMUEL SAPOWITCH, Defendants.

Fourth Department, May 8, 1940.

*John J. Bennett, Jr., Attorney-General,* for the plaintiff.

*James O. Moore* and *Philip Halpern* [*Daniel J. Kenefick* of counsel], for the defendant Samuel Sapowitch.

*Thomas C. Burke* [*Henry W. Killeen* of counsel; *Francis J. Maloney* with him on the brief], for the defendant Edward C. Dethloff.

McCURN, J. On September 7, 1939, Hon. MICHAEL J. MONTESANO, the then surrogate of Erie county, appointed the defendant Edward C. Dethloff to the office of public administrator of Erie county for a term of five years to begin on January 1, 1940, and to end on December 31, 1944.

On January 1, 1940, Hon. GEORGE T. VANDERMEULEN, the newly elected surrogate of Erie county, who began his own term as surrogate of Erie county on that day, appointed the defendant Samuel Sapowitch to the office of public administrator of Erie county for a term beginning on January 1, 1940, and ending on December 31, 1944. Both appointees qualified by taking and filing their respective oaths and undertakings. Each asks for judgment adjudging and decreeing that he is lawfully appointed and entitled to the office and that the other has no right or title thereto.

Each defendant asserts his right to the office by virtue of section 125 of the Surrogate's Court Act. That statute became effective October 1, 1921, superseding section 2595* of the Code of Civil Procedure, effective September 1, 1914. Section 125 of the Surrogate's Court Act provides as follows: " The surrogate of the county of Erie shall, within ten days *after September first, nineteen hundred and fourteen* and every five years thereafter, except as hereinafter provided, appoint a suitable person as public administrator of and for said county, to take office immediately, and to hold office for the term of five years from the first day of January succeeding his appointment, unless sooner removed for cause. In case of a vacancy in said office by reason of death, resignation or otherwise, said surrogate shall fill the same by appointing a suitable person as public

---

* See Laws of 1914, chap. 443.— [REP.

administrator, to take office immediately upon his appointment and qualification, and hold for the term of five years from the first day of January succeeding his appointment, unless sooner removed for cause."

Section 2595 of the Code of Civil Procedure provided, in part:

" The surrogate of the county of Erie shall, within ten days *after the passage of this act*, and every five years thereafter, except as hereinafter provided, appoint a suitable person as public administrator of and for said county, to take office immediately, and to hold office for the term of five years from the first day of January succeeding his appointment, unless sooner removed for cause.

" In case of a vacancy in said office by reason of death, resignation or otherwise, said surrogate shall fill the same by appointing a suitable person as public administrator, to take office immediately upon his appointment and qualification, and hold for the term of five years from the first day of January succeeding his appointment, unless sooner removed for cause."

It will be observed that the only change is in the words italicized. In section 125 of the Surrogate's Court Act the words " after September first, nineteen hundred and fourteen," are substituted for the words " after the passage of this act," as used in section 2595 of the Code of Civil Procedure.

It is the claim of the defendant Dethloff that authority for his appointment on September 7, 1939, is found in the words: " The surrogate of the county of Erie shall, within ten days after September first, nineteen hundred and fourteen, and every five years thereafter, except as hereinafter provided, appoint a suitable person as public administrator," etc.

It will be observed that Dethloff could not enter upon the duties of his office until January 1, 1940, and that the term of office of Surrogate Montesano who appointed him expired on December 31, 1939.

It is the established law that an appointment to office in anticipation of a vacancy therein is good only in case the officer making the appointment is still in office when the vacancy occurs. (*People* v. *Fitzgerald*, 180 N. Y. 269, 274; *People ex rel. Smith* v. *Kenyon*, 241 App. Div. 177; affd., 265 N. Y. 537; *State ex rel. Morris* v. *Sullivan*, 81 Ohio St. 79; 90 N. E. 146; 26 L. R. A. [N. S.] 514.) However, in the absence of any constitutional limitation (and there is none here) it is within the power of the Legislature to change this common-law rule or to create exceptions to it. In *Palmer* v. *Stubley* (57 Misc. 480, at p. 481) the court so indicated in the following words: "A vacancy cannot be filled by appointment until it exists; it cannot be anticipated *in the absence of express authority* * * *,"*

In the case of *State ex rel. Lueders* v. *Ermston* (14 Ohio C. C. 614; affd., 57 Ohio St. 665; 50 N. E. 1129) it was held that when the statute expressly provides that the appointment shall be made on a certain day, or as soon thereafter as practicable, the appointment may be made notwithstanding that the term of such appointee would commence after the expiration of the term of the appointing officer.

We are called upon to determine whether the act of the Legislature (Surr. Ct. Act, § 125) expressly authorized the appointment of Mr. Dethloff to a term of office to begin after the expiration of the term of Surrogate MONTESANO, the appointing officer. If it were not for the use of the words " to take office immediately," there would be no difficulty, in my opinion, in holding that the statute does expressly authorize the appointment. If the ordinary meaning is to be accorded to those words, they express an intention inconsistent with the fact that there was a then incumbent holding the office. They are also at variance with the words immediately following, viz.: " and to hold office for the term of five years from the first day of January *succeeding* his appointment." Counsel for Mr. Dethloff argues that while the statute authorizes the appointment to be made within ten days after the first day of September, such is not necessarily a mandatory provision; that if the appointment is made in ample time so as to allow the appointee to take office " January first succeeding his appointment," the demands of the statute will be satisfied. He points to the records of previous appointments under the statute and urges that they be considered in the present attempt to construe. The record shows that previous appointments have been made as follows:

(1) December 26, 1919, order of Surrogate HART reappointing Mr. White.

(2) December 16, 1924, order of Surrogate HART reappointing Mr. White.

(3) December 27, 1929, order of Surrogate HART reappointing Mr. White.

(4) December 31, 1934, order of Surrogate HART reappointing Mr. White.

Counsel for Sapowitch contends that the words " to take office immediately " mean that after the first appointment succeeding appointments can be made only at intervals of five years on January first, that being the date upon which the vacancy occurs. He argues that the words " within ten days after September first, nineteen hundred and fourteen, and every five years thereafter," should be interpreted to mean every five years after the year nineteen hundred fourteen and not every five years after " within ten

days after September first, nineteen hundred and fourteen." It is his argument that the words "ten days after September first" applied only to the first appointment and after that became in effect a nullity. The trouble with that claim is that these words did not appear in the original statute (Code Civ. Proc. § 2595) so as to apply to the first appointment. They are first seen in the present statute, section 125 of the Surrogate's Court Act (Laws of 1920, chap. 928), enacted several years after the first appointment was made.

If we should in our construction strike out the words " within ten days after September first," we are still confronted with a further obstacle in the words " for the term of five years from the first day of January *succeeding* his appointment." These words fix the date of the beginning of the term of office and also the duration of the term. They clearly imply that the appointment is to be made prior to the first day of January upon which date the term of office begins. If the first day of the term is to succeed the appointment, it cannot coincide with it.

If we adopt the construction urged by Mr. Sapowitch we are compelled to (1) strike out or attribute no meaning to the words within " ten days after September first;" (2) reconcile the requirement that the term begin on the first day of January succeeding the appointment with an appointment made on the first day of January.

If we adopt the construction urged by Mr. Dethloff we are confronted with the difficulty injected by the words " take office immediately " when we know the term of office does not begin until January first.

We have no clue here as to the will of the Legislature. There would have been an obvious reason for the words " ten days after September first, nineteen hundred and fourteen," in the original statute (Code Civ. Proc. § 2595), but that statute did not contain those words. The reason, if there was one, for inserting them in the revision of 1920 is not apparent and remains a matter of pure conjecture.

It is conceded by all parties here that the term of office of the public administrator is to begin on January first. The statute in our opinion does not lend itself to a construction which would give practical effect to all of its parts.

When we have in a statute a single ambiguous sentence containing as here three clauses, two of which are consistent with each other and the third of which cannot reasonably be reconciled with either of the other two, it seems right that we should retain the two predominant consistent clauses and reject the third. I can see no other way to remedy the situation since we cannot rewrite the statute.

" When the effort at a reconciling construction fails, and the repugnancy of different parts is absolutely irreconcilable, courts sometimes solve the difficulty by applying the somewhat arbitrary rule that the last expression of the law maker in the act embodies the final intent, and on this ground give it effect rejecting the prior inconsistent provision. But this is a rule to be resorted to only *in extremis.*" (*People ex rel. Mason* v. *McClave,* 99 N. Y. 83, 89.)

If we construe this statute in favor of Mr. Dethloff's contention, we must, in effect, reject the provision " to take office immediately."

If we construe it in favor of Sapowitch's contention, we must reject the words " ten days after September first, nineteen hundred and fourteen; " and also the provision that the term of office begins on the first day of January *succeeding* his appointment. In other words, if we construe the statute so as to hold that Surrogate MONTESANO had the power to make the appointment when he did, we do less violence to prominent features of the statute than if we hold to the contrary.

We are of the opinion that Surrogate MONTESANO had power under the statute to appoint Mr. Dethloff, and that judgment should be rendered in his favor.

All concur; DOWLING, J., in result in a separate memorandum, except TAYLOR, J., who dissents and votes for a determination in favor of defendant Samuel Sapowitch. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

DOWLING, J. (concurring). I think the expression in the first sentence of section 125 of the Surrogate's Court Act, " to take office immediately," must be read and construed together with the provision for filling any vacancy which may arise as provided in the last sentence of section 125. If a vacancy shall occur between January first and September tenth of any year, the surrogate shall appoint some suitable person to fill the vacancy for the full term. But if no vacancy shall occur during that period, the surrogate must appoint a suitable person between September first and tenth of the fifth year of the incumbent's term and that appointee shall assume office on the following January first. But if a vacancy should occur between the date of his appointment and January first then such appointee shall " take office immediately." Unless this be the fact a vacancy might occur because the surrogate has no power under the statute to fill a vacancy for any period less than the full term. Under this construction full effect is given to all the provisions of the statute.

Submitted controversy determined in favor of defendant Dethloff, without costs.