436 P.2d 515

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles Eldred SUBLETT, Defendant-Appellant.**

**No. 104.**

Court of Appeals of New Mexico.

Jan. 5, 1968.

Leon Karelitz, Las Vegas, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Three issues are dispositive. (1) Upon revocation of a suspended sentence, is probation time to be credited against the sentence? (2) Was defendant on probation while under a suspended sentence? (3) Is credit for probation time an issue cognizable in a proceeding for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1967)?

Defendant was sentenced to the Penitentiary for a term of not less than one nor more than five years. Execution of the

sentence was suspended. Subsequently, the suspended sentence was revoked, execution of the original sentence was invoked and defendant was committed to the Penitentiary for the term of his original sentence.

The trial court did not credit defendant's sentence with any of the time that elapsed while his sentence was suspended. Asserting that credit should have been given, defendant moved for post-conviction relief. He appeals from the denial of his motion.

█ Was the trial court required to credit probation time against the sentence invoked? The fixing of penalties is a legislative function and what constitutes an adequate punishment is a matter for legislative judgment. McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683 (1962).

There are two legislative acts to be considered, § 40A–29–20 and § 41–17–28.1(B), N.M.S.A. 1953. Section 40A–29–20 is a part of the Criminal Code; § 41–17–28.-1(B) is a part of the Probation and Parole Act. Both were enacted in 1963; both concern revocation of a suspended sentence.

█ Section 40A–29–20 was repealed by Laws 1965, ch. 220, § 1. However, it was in effect at the time defendant's sentence was suspended. We assume its provisions are applicable to the revocation of a suspended sentence when the suspension occurred while § 40A–29–20 was in effect. Compare State v. Armstrong, 61 N.M. 258, 298 P.2d 941 (1956); Linton v. Cox, 358 F.2d 859 (10th Cir. 1966). Thus, we assume that § 40A–29–20 applies to this case.

Section 40A–29–20 provides that upon revocation of a suspended sentence, the court may "invoke the execution of his sentence." This is what the trial court did; it invoked execution of defendant's original sentence.

Section 41–17–28.1, N.M.S.A. 1953, pertains to probation violators. Upon revocation of a suspended sentence, § 41–17–28.-1(B), N:M.S.A. 1953, states:

"* * * [T]he court may continue or revoke the probation and may require the probationer to serve the balance of the sentence imposed or any lesser sentence. * * *"

By this language the court has one of two alternatives upon revoking a suspended sentence. However, the State asserts that the language of § 41–17–28.1(B) gives the court a third choice—that of invoking the original sentence without credit for probation time. The State contends that the word "may" gives the court discretion to withhold credit upon revoking the suspended sentence. We disagree; this contention ignores words used in the statute.

█ In re Cox' Estate, 57 N.M. 543, 260 P.2d 909 (1953), states:

"We must assume that the legislature means just what the words it uses mean, and that it chose its words advisedly to express its meaning, until the contrary clearly appears. * * *" See Valley Country Club, Inc. v. Mender, 64 N.M. 59, 323 P.2d 1099 (1958).

█ Nothing appearing to the contrary, the legislature chose the word "balance" advisedly, and expressed its meaning by the word chosen. "Balance" means to compute the difference between debits and credits. Webster's Third New International Dictionary. The phrase "balance of the sentence imposed" means the difference between the sentence imposed and credit upon that sentence.

█ Under § 41–17–28.1(B), N.M.S.A. 1953, upon revocation of a suspended sentence, the trial court may require the defendant to serve (1) the balance of the sentence imposed—that is, the term remaining after giving credit for allowable probation time or (2) a lesser term. The trial court does not have authority under this statute, to withhold credit for allowable probation time.

█ What is the relationship of § 40A–29–20 to § 41–17–28.1(B)? They pertain to the same general subject—revocation of a suspended sentence. Our duty is to construe them so that "effect is given to every provision of each." State ex rel.

State Park and Recreation Commission v. New Mexico State Authority, 76 N.M. 1, 411 P.2d 984 (1966).

Section 40A–29–20 authorizes the trial court to invoke the original sentence, but is silent concerning credit on the sentence for probation time. Section 41–17–28.1(B) provides for probation time credit when a suspended sentence is revoked so that, at most, the "balance of the sentence" is to be served. How can the sentence be limited to its "balance" if the trial court must invoke the original sentence?

 The trial court may revoke the suspended sentence under either statute. Upon such revocation under § 40A–29–20, it invokes the original sentence. Upon invoking the original sentence it may, under § 41–17–28.1(B), require the defendant to serve either the balance of the sentence or a lesser time. Thus, under § 41–17–28.-1(B) it must, as a minimum, credit allowable probation time on the original sentence that has been invoked. This construction gives effect to the provisions of both statutes.

The provisions of § 41–17–28.1(B) concern revocation of probation. Defendant had a suspended sentence, but was he on "probation" under the Probation and Parole Act? If he was, he is entitled to the benefits conferred by § 41–17–28.1(B); if not, he is not entitled to those benefits.

Defendant's sentence was suspended subject to conditions stated in the judgment. Until the judgment was amended some two and one half years after it was entered, it contained no specific reference to probation. However, at the time of the original sentence, defendant signed an agreement concerning the rules, regulations and conditions of his "probation."

The Probation and Parole Act defines "probation." Section 41–17–14(A), N.M. S.A. 1953, states:

" 'Probation' means the procedure under which an adult defendant, * * * is released by the court without imprisonment under a suspended or deferred sentence and subject to conditions;"

 We need not consider the effect of the probation agreement. Here, defendant was released without imprisonment under a suspended sentence and subject to conditions. At the time of such release, defendant was on "probation" as that word is used in the Probation and Parole Act. Compare State v. Holland, 78 N.M. 324, 431 P.2d 57 (1967); State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966).

 Being on probation, defendant was entitled to credit for probation time served while his sentence was suspended. The trial court erred in failing to give defendant such credit. Is this error cognizable in a proceeding for post-conviction relief?

The State asserts that the issue of credit on a sentence cannot be raised by a motion for post-conviction relief; rather, the proper procedure is by a petition for habeas corpus. Further, the State contends that the issue cannot be raised until the claimed time, if credited, would gain defendant his release.

 Sneed v. Cox, 74 N.M. 659, 397 P.2d 308 (1964), held that habeas corpus was a proper proceeding to correct a sentence by eliminating the excessive part of the sentence. Sneed was decided before New Mexico authorized post-conviction relief by motion. Thus, Sneed is not authority for the contention that the issue of credit on a sentence cannot be raised by a motion for post-conviction relief.

 Under § 21–1–1(93) (b), N.M.S.A. 1953 (Supp.1967), if the sentence imposed was not authorized, the court shall "discharge the prisoner or resentence him, or grant a new trial, or correct the sentence, as may appear appropriate." A claim that the trial court failed to give a defendant credit on his sentence is a claim that the sentence was in excess of the maximum authorized by law. Such a claim is specifically authorized in the first paragraph of § 21–1–1(93), N.M.S.A. 1953 (Supp.1967).

See State v. Zarzana, 78 N.M. 159, 429 P.
2d 357 (1967).

Defendant makes such a claim.
He is not required to wait until the
claimed time, if credited, would entitle de-
fendant to his release. Section 21–1–1(93)
states that a motion for relief may be
made "at any time" and provides that, if
appropriate, the court may correct the sen-
tence imposed. See State v. Zarzana, su-
pra; compare Sneed v. Cox, supra. De-
fendant's claim was cognizable in a pro-
ceeding for post-conviction relief.

The order denying relief is reversed.
The cause is remanded to the trial court
with instructions to determine the credit to
be allowed for probation time, and to cred-
it such time against defendant's sentence.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.