439 P.2d 554

STATE of New Mexico, Plaintiff-Appellee,

v.

Leroy REINHART, Defendant-Appellant.

No. 8478.

Supreme Court of New Mexico.
April 8, 1968.

James Warden, Carlsbad, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

The issues presented on this appeal from an order denying defendant's motion under Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp. 1967)] are: (1) whether or not defendant is entitled to credit on his sentence for the time served on probation, and (2) whether he can properly raise the question by motion under Rule 93, even though he be entitled to such credit.

These questions were presented in State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct. App.1968). They were, however, presented under slightly different circumstances and in a somewhat different manner.

■ Here the State does not challenge a defendant's right to credit for the time he is on probation. Its defense here is that the issue is not properly before us, and that this issue cannot properly be raised under Rule 93. The question of whether or not this issue can properly be raised under Rule 93 was decided contrary to the State's position in State v. Sublett, supra.

By its order the court expressly recited that "the suspended sentence imposed on January 4, 1965, was set aside and revoked, and defendant was sentenced to the New Mexico State Penitentiary for a term of not less than one year nor more than five years, beginning May 3, 1965," and held that the court was not required by the New Mexico Statutes "to give credit for the time served on probation * * * where the original sentence was suspended, and a subsequent violation occurs."

The State next contends that, in any event, the language fixing the beginning of the term of imprisonment as May 3, 1965, was surplusage and must be disregarded. It relies upon State v. White, 71 N.M. 342, 378 P.2d 379 (1962), and particularly upon the language of the opinion on rehearing in that case wherein it was stated: "That part of a judgment or sentence * * * fixing * * * a date when sentence is to commence is surplusage and to be disregarded."

The White case in no way involved the revocation of a suspended sentence or a probation, and was not in any way concerned with the question of a judicial determination as to whether or not time served on probation must be credited against the term of the sentence.

There is no doubt that defendant was under probation from January 4, 1965, until the order of probation was revoked on May 3, 1965. There likewise can be no doubt that the trial court in both the revocation hearing and the Rule 93 hearing judicially determined that no credit was to be given defendant for this time while under probation. This is clearly reflected by the court's order denying the Rule 93 motion and by the order of commitment, which expressly orders the Superintendent of the Penitentiary of New Mexico to "confine him [defendant] in The Penitentiary of New Mexico for the term of not less than

one year and not more than five years beginning with the 3rd day of May, 1965."

It is this judicial determination, that defendant is not entitled to credit for his time on probation, from which he appeals.

The trial judge expressed it as his opinion that under the provisions of § 41–17–28.1 (B), N.M.S.A.1953, he "is required to give credit for the time served on probation" if an original sentence is deferred, but that he is not "required to do this where the original sentence was suspended."

The language of this subsection of our statutes reads as follows:

"B. The court shall then hold a hearing, which may be informal, on the violation charged. If the violation is established, the court may continue or revoke the probation and may require the probationer to serve the balance of the sentence imposed or any lesser sentence. If imposition of sentence was deferred, the court may impose any sentence which might originally have been imposed, but credit shall be given for time served on probation."

As we read this statute, and particularly the second sentence thereof, if sentence is imposed and the defendant then released on probation, three courses are open to the trial court upon the establishment of a violation of the terms or conditions of probation, and these courses are: (1) the court may continue the probation; (2) the court may revoke the probation and require defendant to serve the *balance* of the sentence previously imposed; (3) the court may revoke the probation and require defendant to serve a sentence which is less than the *balance* of the sentence previously imposed.

The solution to the question here presented turns entirely upon the meaning of the word "balance." One of the definitions of the word "balance," as set forth in Webster's Third New International Dictionary Unabridged (1966), is: "The weight that one side, faction, or element has in excess of another or others; something that is left over: Remainder; an excess or an amount in excess on either side of an account."

We believe the context in which it is used, and the obvious legislative intent to be gained from a reading of this statute, compels us to interpret the word "balance" as meaning "remainder," or that portion of the term of the sentence which remains after deducting therefrom the time during which defendant has been on probation. This is the meaning attributed to it in State v. Sublett, supra. Although the question of the meaning of this word was not raised in State v. Holland, 78 N.M. 324, 431 P.2d 57 (1967), in discussing what is contemplated by the language of this section of our statutes, we stated "that the court may require the probationer [defendant] to serve the *remainder* of the sentence imposed, or any lesser sentence." (Emphasis added.) For like interpretations of the word "balance" in other situations, see Palmer v. Stubley, 57 Misc. 480, 108 N.Y.S. 500 (1908); Taylor v. Taylor, 10 Ky. (3 A. K. Marsh) 18 (1820); Redman v. Evans, 184 Tenn. 404, 199 S.W.2d 115 (1947).

We are of the opinion that the ordinary person reading this section of our statutes would ascribe to this word the meaning given it by the Court of Appeals in State v. Sublett, supra, and which we give it, and that this is the ordinary and usual meaning attributable to it in the context in which it is used. Statutory words are presumed to be used in their ordinary and usual sense, unless the contrary is made to appear. Valley Country Club v. Mender, 64 N.M. 59, 323 P.2d 1099 (1958).

Upon the revocation of probation or the imposition of a previously deferred sentence, the trial court should make a judicial determination of the time defendant has served on probation and the proper credit to be given therefor against the sentence pursuant to statute.

It follows from what has been said that the order denying the motion should be reversed and the cause remanded with directions to correct the order and com-

mitment by giving defendant credit against his sentence of imprisonment for the period of his probation.

It is so ordered.

NOBLE and MOISE, JJ., concur.