469 P.2d 527

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James Lee BAMBROUGH, Defendant-Appellant.**

**No. 454.**

Court of Appeals of New Mexico.

May 1, 1970.

Harold N. Olive, Carlsbad, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, William J. Torrington, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21–1–1(93), N.M. S.A. 1953 (Supp.1969) claimed that parole authorities and penitentiary officials had improperly figured the time he had served on his sentence. The claim raised two issues: (1) time served on parole before being returned as a parole violator—see § 41–17–28, N.M.S.A. 1953 (Repl.Vol. 6), and (2) credit for "good time"—see § 42–1–54, N.M.S.A. 1953 (Repl.Vol. 6). Both issues are justiciable. See Conston v. New Mexico St. Bd. of Probation & Parole, 79 N.M. 385, 444 P.2d 296 (1968); Sneed v. Cox, 74 N.M. 659, 397 P.2d 308 (1964). The question is whether a motion for post-conviction relief is the proper procedure to litigate defendant's claims; specifically, whether a post-conviction motion is the proper remedy.

Section 21–1–1(93), supra, authorizes post-conviction relief for an improper sentence. Thus, where the trial court has given or refused credit on a sentence, we have considered claims concerning such credit in proceedings under § 21–1–1(93), supra. State v. Reinhart, 79 N.M. 36, 439 P.2d 554 (1968); State v. Murray, 468 P.2d 416 (Ct.App.), decided April 3, 1970; State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct. App. 1968).

Defendant's claims attack neither the sentence imposed by the court nor any credit on the sentence ordered by the court. Rather, defendant's claims go to the way officials have figured the time served on his sentence. These claims pertain to the way these officials have interpreted certain statutes.

State v. Walburt, 78 N.M. 605, 435 P.2d 435 (1967) holds that a post-conviction motion is not the proper procedure for an attack on the official's interpretation of the statute on which defendant relies. The distinction we draw is between an attack on the court's sentence and a claim against parole and penitentiary officials for the way the sentence has been executed. The former is cognizable by post-conviction motion; the latter is not. Compare Allen v. United States, 327 F.2d 58 (5th Cir. 1964) with Evans v. United States, 387 F.2d 160 (3d Cir. 1967), cert. denied 391 U.S. 968, 88 S.Ct. 2039, 20 L.Ed. 2d 881 (1968); United States v. Lewis, 392 F.2d 440 (4th Cir. 1968); James v. United States, 388 F.2d 453 (5th Cir. 1968).

The validity of the distinction is demonstrated in this case. Here, defendant seeks relief against parole and penitentiary authorities. He challenges their interpretation of certain statutes, as those statutes have been applied to him. He seeks to do so in a proceeding in which the officials are neither parties nor before the court.

A motion under § 21–1–1(93), supra, is not the procedure for obtaining relief on the claims made by defendant. For the remedy available, see Conston v. New Mexico St. Bd. of Probation & Parole, supra, and Sneed v. Cox, supra.

The order of the trial court, denying defendant's motion for post-conviction relief without a hearing, is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.