475 P.2d 49

Wallace C. McCROSKEY, Plaintiff-Appellant,

v.

STATE of New Mexico, Defendant-Appellee.

No. 495.

Court of Appeals of New Mexico.

Sept. 18, 1970.

Robert H. Graham, Farmington, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Thomas L. Dunigan, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Petitioner's first appeal from a denial of post-conviction relief is reported as State v. McCroskey, 79 N.M. 502, 445 P.2d 105 (Ct.App.1968). This second appeal from a denial of post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1969) raises two issues: (1) incompetency of counsel and (2) jurisdiction of the trial court to correct the original sentence. Relief was denied after an evidentiary hearing.

### Incompetency of counsel.

The counsel alleged to have been incompetent because of inadequate representation are the attorneys representing petitioner from shortly after his arrest in 1962, until he pled guilty in 1967. During most of this interval petitioner was confined in the New Mexico State Hospital.

The claimed incompetency was presented to and ruled on by the trial court. It found: "That there is no evidence to support Petitioner's contention that his counsel, or either of them, were incompetent. * * *" Although in his brief petitioner refers to selected items in the record in support of the claimed incompetency, he disregards the trial court's contrary finding and does not challenge the finding according to the Supreme Court Rules.

Since State v. Hardy, 78 N.M. 374, 431 P.2d 752 (1967), it has been clear that the Rules of Civil Procedure, including the rule concerning findings of fact, apply to proceedings under § 21–1–1(93), supra. Here, the trial court made findings of fact. Section 21–2–1(15) (16), N.M.S.A.1953 (Supp.1969) concerns the statement of proceedings which is to be set forth in the brief in chief. Pertinent here is subparagraph (b) which states:

"Where the trial court has made findings of facts, a concise, chronological summary of such findings as are material to the review with appropriate references to the transcript. If any finding is challenged, it must be so indicated by a parenthetical note. * * *"

Here, there is no reference of any kind to the trial court's finding concerning the competency of counsel.

The New Mexico Supreme Court and this Court have consistently held that a finding which is not attacked is a fact before the appellate court and where no attack is made on a finding it will not be reviewed. These holdings are applicable to proceedings under § 21–1–1(93), supra. State v. Thompson, 80 N.M. 134, 452 P.2d 468 (1969); State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968); State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968); State v. Wheeler, 81 N.M. 758, 473 P.2d 372 decided July 17, 1970; State v. Follis, 81 N.M. 690, 472 P.2d 655 decided June 19, 1970; Barela v. State, 81 N.M. 433, 467 P.2d 1005 (Ct. App.1970); Patterson v. State, 81 N.M. 210, 465 P.2d 93 (Ct.App.1970); State v. Botello, 80 N.M. 482, 457 P.2d 1001 (Ct.App. 1969).

Instead of challenging the trial court's finding, petitioner has ignored it. Accordingly, there is no issue to be reviewed concerning competency of counsel.

### Jurisdiction to correct sentence.

Section 40A–29–25, N.M.S.A.1953 (Repl.Vol. 6, Supp.1969) authorizes credit on a sentence for time spent in presentence confinement. No such credit was given when petitioner was originally sentenced. His motion alleged: (1) that his sentence was void because credit had not been given and (2) that credit should now be given. The trial court ruled that petitioner's sentence should be credited in accordance with § 40A–29–25, supra.

Here, petitioner claims that because credit was not given at the time of the original sentence, the sentence was void. He contends " * * * the Trial Court lost jurisdiction to alter the sentence after the expiration of the term of Court during which the sentence was imposed. * * *" The consequence, according to petitioner, is that " * * * the judgment and sentences * * * should be vacated."

The claim attacks the correctness of the original sentence and on the basis of that

attack. concludes that the conviction should be set aside. However, no issue is raised as to the validity of the conviction based on the guilty plea. The only issue under this point concerns the sentence. Since the trial court has corrected the sentence by according the credit authorized by § 40A–29–25, supra, the issue is the authority of the trial court to make such a correction.

Section 21–1–1(93), supra, specifically authorizes the trial court to correct a sentence. State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct.App.1968); see State v. Zarzana, 78 N.M. 159, 429 P.2d 357 (1967). The authorization contained in § 21–1–1 (93), supra, is not limited to the term of court during which the incorrect sentence was imposed. Paragraph (a) of that section states: "A motion for such relief may be made at any time."

We need not consider decisions prior to adoption of § 21–1–1(93), supra, since under this rule the trial court is specifically authorized to correct sentences on motion made pursuant to the rule.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.