519 P.2d 307

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Thomas A. LARD, Defendant-Appellant.**

**No. 1341.**

Court of Appeals of New Mexico.

Jan. 23, 1974.

Stephen F. Grover, Farmington, for defendant-appellant.

Byron Caton, Thomas J. Hynes, Asst. Dist. Attys., Eleventh Judicial District, Farmington, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of larceny of money in excess of $100.00 but not more than $2500.00. Section 40A–16–1, N.M.S.A. 1953 (2d Repl.Vol. 6). He also appeals his sentence as an habitual offender. Section 40A–29–5, N.M.S.A. 1953 (2d Repl.Vol. 6). The issues are: (1) sufficiency of the evidence as to the larceny; (2) admissibility of a statement allegedly privileged; and (3) propriety of the enhanced sentence.

The trial proceedings were tape recorded through the use of a four channel tape recorder. The parties stipulated that the appeal could be presented on the basis of the original district court file and a duplicate tape. The stipulation was approved by the trial court and this Court. Compare State ex rel. Moreno v. Floyd, 85 N.M. 699, 516 P.2d 670, decided December 7, 1973. The result of so proceeding is that notice of appeal was filed in the district court on October 10, 1973, and the record for appeal purposes was filed in this Court on October 18, 1973. This eight-day period is to be compared with the ninety-day period allowed by applicable appellate rules. We commend the trial court and both counsel for their efforts in seeking ways to shorten the appellate process in criminal cases.[1]

*Sufficiency of the evidence.*

The claim concerning the sufficiency of the evidence has three parts. The first two parts concern the defense motion at the close of the State's case in chief. At that point in the trial, defendant moved for a directed verdict on the basis that there was: (a) insufficient evidence to prove that defendant took the money and (b) insufficient evidence that the amount of money taken exceeded $100.00. Defendant asserts the denial of this motion as an independent point in this appeal.

Once the motion was denied, defendant proceeded to introduce evidence for the defense. In so doing he waived his claim that the evidence at the close of the State's case was insufficient for submission to the jury. State v. Smith, 51 N.M. 184, 181 P.2d 800 (1947); State v. Vargas, 42 N.M. 1, 74· P.2d 62 (1937). We add, however, that testimony of the witness Brown is substantial evidence that defendant took the money and that testimony of the witnesses Ausburn, Palmer and Brown is substantial evidence that the money taken exceeded $100.00.

The third part of this claim is directed to the sufficiency of the evidence once all

testimony had been introduced. Defendant did not move for a directed verdict at the close of all the evidence. Because defendant did not do so, the State contends the defendant waived any claim that the evidence was insufficient.

The State's contention was correct under prior law. State v. Sandoval, 83 N.M. 599, 495 P.2d 379 (Ct.App. 1972); see State v. Cebada, 84 N.M. 306, 502 P.2d 409 (Ct.App. 1972). However, the Rules of Criminal Procedure changed this requirement. Section 41–23–40(j), N.M.S.A. 1953 (2d Repl.Vol. 6, Supp. 1973) provides: "Out of the presence of the jury, the court shall determine the sufficiency of the evidence, whether or not a motion for directed verdict is made." The absence of a motion for a directed verdict at the close of all the evidence did not waive the claim that the evidence was insufficient at that point because the trial court was required to make that determination in the absence of a motion. This required determination is therefore an issue before us on appeal.

Defendant testified. He admitted he took the money, but claimed that the amount he took was $82.00. The effect of this testimony, if believed, would be to reduce his crime from a fourth degree felony to a petty misdemeanor. See § 40A–16–1, supra. Defendant's contention is that he should have been believed; that testimony of witnesses placing the amount of money in excess of $100.00 should not be believed because of their motives. This third part of the sufficiency of the evidence issue is a claim concerning the credibility of the witnesses and the weight to be given their testimony. Such is to be determined by the jury. State v. Valles, 83 N.M. 541, 494 P.2d 619 (Ct.App. 1972). The appellate court does not weigh the evidence, nor may it substitute its judgment for that of the jury. State v. Page, 83 N.M. 487, 493 P.2d 972 (Ct.App. 1972).

The claim concerning the sufficiency of the evidence is without merit.

[1]. Appended to this opinion is the substance of the trial judge's letter concerning comparative costs.

**74**

*Admissibility of a statement allegedly privileged.*

In answering the contentions concerning the sufficiency of the evidence we omitted any reference to the witness Evelyn Green. Her testimony supports other evidence concerning both the taking of the money and the amount of money taken. Defendant objected to her testimony, claiming it should not have been admitted under the husband-wife privilege.

■ The claim of privilege is based on Rule 505, New Mexico Rules of Evidence. Section 20-4-505, N.M.S.A. 1953 (Repl. Vol. 4, Supp. 1973). That privilege, generally speaking, is that an accused spouse in a criminal proceeding may prevent the other spouse from testifying against the accused. The evidence is that Evelyn Green was "living with" the defendant at the time of defendant's larceny but was not married to defendant. Defendant asserts the privilege applies to these circumstances.

■■ We disagree. "Spouse," by definition, means a married person. Webster's Third New International Dictionary (1966). "Marriage" is a civil contract requiring a license. Sections 57-1-1, N.M. S.A. 1953 (Repl.Vol. 8, pt. 2) and 57-1-10, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp. 1973). The claim that Evelyn Green and defendant were living together "as man and wife" is insufficient to show a marriage under New Mexico statutes and, therefore, is insufficient to show that Evelyn was defendant's spouse. The testimony of "a mistress or concubine, being not a legal wife," is admissible. II Wigmore on Evidence, § 605 (3rd ed. 1940); see Lutwak v. United States, 344 U.S. 604, 73 S. Ct. 481, 97 L.Ed. 593 (1953); State v. Setzer, 226 N.C. 216, 37 S.E.2d 513 (1946).

Evelyn Green's testimony was admissible; the privilege did not apply.

*Propriety of the enhanced sentence.*

Defendant's sentence for the larceny was enhanced as provided in § 40A-29-5, supra. The enhancement resulted because of two prior convictions. The prior convictions were under § 54-6-38(B)(2), N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp. 1971) which, at the time of conviction, was a part of New Mexico's Drug and Cosmetic Act. Section 54-6-38(B)(2), supra, was subsequently repealed and a new § 54-6-38 was enacted. Laws 1972, ch. 84, § 47.

The prior convictions were for sale or delivery of an hallucinogenic drug (LSD). Defendant asserts his sentences for these prior convictions were under § 54-6-51, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp. 1971) as that section was worded prior to its amendment by Laws 1972, ch. 84, § 53.

Neither the repeal of § 54-6-38(B)(2), supra, nor the changes in penalties effected by the amendment to § 54-6-51, supra, are involved in this appeal. See State v. Darrah, 76 N.M. 671, 417 P.2d 805 (1966).

The sentences actually imposed for the two hallucinogenic drug offenses do not appear in the record. Defendant asserts that he received an enhanced sentence for the second hallucinogenic drug offense and, because of this enhancement, he could not be subjected to a "second enhancement" under § 40A-29-5, supra. He relies on State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966).

Factually, State v. Lujan, supra, does not apply. In *Lujan*, supra, a defendant's sentence for a narcotic drug offense was enhanced under § 40A-29-5, supra. A prior offense, giving rise to the enhancement, was a non-narcotic drug offense. The enhanced sentence under § 40A-29-5, supra, was held to be erroneous because the Legislature had enacted specific punishments for violations of the Narcotic Drug Act. These specific punishments included enhanced penalties for repeated drug offenses. The enhanced penalties contained no provision for considering non-narcotic drug convictions. Because of the specific penalty provisions, the general habitual offender statute did not apply.

■ Here, the enhanced sentence was imposed for the latest offense committed, the larceny. See State v. Tipton, 78 N.M.

600, 435 P.2d 430 (1967). There are no specific enhancement penalties for larceny, thus, the general enhancement statute, covering all felonies without regard to type, is applicable. That general statute is § 40A–29–5, supra.

Although *Lujan,* supra, is not applicable to the facts of this case, it does raise the question of whether a specific enhancement provision applicable to Drug and Cosmetic Act conviction prohibits the use of such conviction under § 40A–29–5, supra.

Defendant's argument bottoms on the contention that he received an enhanced sentence for his second hallucinogenic drug conviction. He relies on § 54–6–51(G), supra, which reads:

> "Upon a second or subsequent conviction of an adult for any violation for which a penalty is provided in this section, the imposition or execution of a sentence shall not be suspended or deferred and parole shall not be granted until one-third [⅓] of the minimum sentence provided for the offense has been served."

What does the above quoted provision do? It removes the trial court's discretion to defer or suspend the sentence. Section 40A–29–15, N.M.S.A. 1953 (2d Repl. Vol. 6). It also may have an effect on when a prisoner is eligible for parole. Section 41–17–24, N.M.S.A. 1953 (2d Repl. Vol. 6). Thus, the possible effect of the quoted statute is to increase the amount of time to be served in prison. See Aragon v. Cox, 75 N.M. 537, 407 P.2d 673 (1965), overruled on other grounds, State v. Chavez, 77 N.M. 79, 419 P.2d 456 (1966) [State v. Chavez, supra, was questioned in the specially concurring opinion in State v. Riley, 82 N.M. 235, 478 P.2d 563 (Ct.App. 1970)].

The possible increase in prison time, however, is not an increase in the overall length of the sentence; the quoted statute makes no change in either the minimum or maximum length of the sentence.

In most instances, time under a deferred or suspended sentence, or time on parole, is counted in determining whether a sentence has been served. As to deferred or suspended sentences, see § 41–17–28.-1(B), N.M.S.A. 1953 (2d Repl.Vol. 6); State v. Reinhart, 79 N.M. 36, 439 P.2d 554 (1968); State v. Murray, 81 N.M. 445, 468 P.2d 416 (Ct.App. 1970); State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct.App. 1968). As to time on parole, see § 41–17–30, N.M.S.A. 1953 (2d Repl.Vol. 6); Conston v. New Mexico St. Bd. of Probation & Parole, 79 N.M. 385, 444 P.2d 296 (1968). The total length of a deferred or suspended sentence, or the time served on parole, cannot exceed the maximum authorized sentence for the crime involved. Sections 40A–29–19 and 41–17–30, N.M.S.A. 1953 (2d Repl. Vol. 6).

Since out-of-prison time under the above procedures in most instances counts as time served, and since such out-of-prison time may not exceed the maximum sentence, the effect of the quoted statute is on *where* the sentence is to be served. We recognize that requiring a portion of the sentence to be served in prison is properly to be considered an enhanced penalty. Compare State v. Soria, 82 N.M. 509, 484 P.2d 351 (Ct.App. 1971).

This enhanced penalty, however, applies to the sentence for a second or subsequent violation of § 54–6–38(B)(2), supra. This enhancement is not involved in the sentence for the larceny offense. It is the fact of the prior felony, not the sentence imposed for the prior felony, that is the basis for the enhanced sentence imposed for the larceny conviction. State v. Gonzales, 84 N.M. 275, 502 P.2d 300 (Ct. App. 1972).

The question then is whether the requirement that a portion of the sentence imposed for a second violation of § 54–6–38(B)(2), supra, prohibits the use of that conviction in imposing an enhanced sentence under § 40A–29–5, supra. We hold that it does not. Neither § 54–6–51, supra, nor § 40A–29–5, supra, expressly prohibit

such use. The wording of the two statutes does not conflict. Since the enhanced penalty for a second violation of § 54–6–38(B)(2), supra, is limited to the place where the sentence is to be served, we do not discern a legislative intent to prohibit use of the conviction as a basis for an enhanced sentence under § 40A–29–5, supra.

 Defendant contends the enhanced penalty for a second violation of § 54–6–38(B)(2), supra, is a special statute and that this special statute must be applied, and not § 40A–29–5, supra, which is a general statute. See State v. Riley, supra. The "special statute" rule is not applicable because the two statutes do not cover the same thing. The enhanced penalty of § 54–6–51, supra, applies only to defendant's sentence for his violation of § 54–6–38(B)(2), supra. The enhanced penalty of § 40A–29–5, supra, is applied on the basis of the prior conviction, not the prior sentence.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and LOPEZ, JJ., concur.

## APPENDIX

Dear Judge Wood:

The following is a comparative cost breakdown on the appeal in State v. Lard, which is being heard directly from the tape recording. With the type of machine we have been using, past experience has indicated there are about 12.4 tape counter units per written page if transcribed. In the present case there were 2031 tape counter units or 164 written pages if transcribed. The person who monitored the recorder during the trial and duplicated the tapes is a secretary earning $420.00 a month or $2.42 per hour. The reporter is paid $1,100.00 a month or $6.31 per hour.

| | Using Tapes Alone | If Taken and Transcribed by Reporter |
|---|---|---|
| Cost of Transcript Only: | | |
| Original tape | $4.99 | |
| Duplicate tape for Court | 4.99 | |
| Duplicate tape for Attorneys | 4.99 | |
| Time for duplicating and checking tapes, 2 hours | 4.84 | |
| If transcribed, 164 pages at $1.65 for original and three copies | | $270.60 |
| TOTAL | $19.81 | $270.60 |
| Cost of Personnel | | |
| 8 hours trial time | 19.36 | 50.48 |
| | $39.17 | $321.08 |
| If transcribed during regular working hours, 5 pages per hour, 34 hours | | $214.54 |
| TOTAL | $39.17 | $535.62 |

After the appeal has been fully concluded, the tapes can be reused and $14.97 of the costs recovered.

s/ James W. Musgrove
JAMES W. MUSGROVE
District Judge