This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **No. A-1-CA-36640**

**EARL MAYFIELD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

L. Helen Bennett Law Offices, P.A.
L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} Defendant Earl Mayfield asserts the district court erred in denying defense counsel's motion to withdraw, which he contends was necessary in order to ensure Defendant was able to pursue his entrapment defense, and the district court erred in failing to conduct a hearing to determine whether Defendant could represent himself. [DS 4] We issued a notice proposing to affirm. [CN 1, 6] Defendant has filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2} In his memorandum in opposition, Defendant continues to argue the district court erred in denying trial counsel's motion to withdraw because he was the only witness able to testify regarding Defendant's entrapment defense based on the confidential informant's admissions. [MIO 3-4, 5] However, as we noted in our proposed disposition, it does not appear Defendant sought to have the informant testify, despite the fact her identity had been learned before trial. [CN 4] Defendant also states, for the first time in his memorandum in opposition, the district court erred in denying trial counsel's motion to withdraw because trial counsel would have also testified to issues of evidence tampering by law enforcement, in which Defendant asserts trial counsel was complicit. [MIO 4-5] Again, Defendant has not demonstrated either why trial counsel's testimony would have affected the weight of the evidence or why trial counsel was the only witness who could testify regarding any wrongdoing

by law enforcement. Appellate courts are under no obligation to review unclear or undeveloped arguments. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031. Without supplying this Court with sufficient information to demonstrate error, we may presume correctness and propose to affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating we presume correctness in the district court's rulings and the burden is on the defendant to demonstrate trial court error). Moreover, it does not appear Defendant's criminal trial was the appropriate forum for investigation into any alleged wrongdoing by trial counsel. To the extent Defendant argues he did not receive effective assistance of counsel, we note our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466; *see also State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 ("This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." (internal quotation marks and citation omitted)), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850. We therefore conclude the district court did not err in denying defense counsel's motion to withdraw.

{3}     Defendant next argues this Court should not presume correctness in the ruling of the district court because the district court did not engage in any meaningful consideration of whether Defendant should have been allowed to represent himself. [MIO 6, 8] As we noted in our proposed disposition, the particular procedure for determining whether a defendant may represent himself is not defined. *State v. Chapman*, 1986-NMSC-037, ¶¶ 9-10, 104 N.M. 324, 721 P.2d 392. Moreover, it appears the district court, through competency proceedings, was informed of Defendant's ability or inability to make a knowing and intelligent waiver of counsel, notwithstanding the fact Defendant was ultimately found competent to stand trial. [CN 6] Defendant seems to argue the determination finding Defendant competent to stand trial informs the district court's decision regarding self-representation. [MIO 7] However, Defendant does not cite any authority dictating a competency determination and a determination of whether a defendant may represent himself are interchangeable or dependent on one another. "[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists." *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129. Defendant also fails to cite authority supporting his contention Defendant was entitled to notice and an opportunity for himself and trial counsel to be heard. [MIO 7] *See id.*

4

We therefore conclude the district court did not err in declining to hold a hearing on trial counsel's motion to withdraw.

**{4}** Last, Defendant argues, for the first time in his memorandum in opposition, the district court erred in denying his request for an appeal bond. [MIO 9-10] We construe this argument as a motion to amend the docketing statement. The essential requirements to show good cause for amendment of a docketing statement are: (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. As Defendant acknowledges, he has filed a separate motion seeking review of the denial of an appeal bond, and issues regarding an appeal bond are not properly raised on direct appeal. [MIO 10] *State v. Cebada*, 1972-NMCA-140, ¶¶ 7-9, 84 N.M. 306, 502 P.2d 409 ("The question of an excessive bond pending appeal has no relation to the merits of the appeal."). Because denial of appeal bond is not allowed to be raised for the first time on direct appeal, we deny Defendant's motion to amend to consider the issue and instead address the denial of an appeal bond in a separate order. *See Moore*, 1989-NMCA-073, ¶ 42.

{5} Accordingly, for the reasons explained above and in our notice of proposed disposition, we affirm.

{6} **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**EMIL J. KIEHNE, Judge**