This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 33,272**

**JOHN SIMMS LOMBARDEUX,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Mark A. Macaron, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant appeals the district court's revocation of his probation. We issued a calendar notice proposing to affirm, and Defendant has filed a memorandum opposing the proposed affirmance. We have carefully reviewed the arguments made

in the memorandum in opposition, but we continue to believe affirmance is the correct result. Therefore, we affirm for the reasons stated below and in our calendar notice.

**{2}** We review a decision revoking probation only for abuse of discretion. *See State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321. The evidence supporting revocation must be such that it "inclines a reasonable and impartial mind to the belief that a defendant has violated the terms of probation." *Id.* ¶ 4. Defendant argues that his failure to comply with the terms of his probation was not willful because it was based, at least in part, on his inability to pay for the counseling sessions that had been scheduled for him. He points out that at the hearing there was evidence of his inability to pay, and that the counseling service had used a sliding scale to determine that he could pay an undetermined amount toward the costs of the counseling sessions. **[MIO 4]** The amount that he was requested to pay, and information concerning Defendant's resources, has not been provided to this Court.

**{3}** As we stated in the calendar notice, we find no indication that the district court based the revocation of Defendant's probation on any matter that is at all connected to Defendant's ability to pay for counseling. Evidence was presented to the district court indicating that Defendant was argumentative with his counselors, was resistant to addressing his substance abuse and sexual-offense issues, showed psychopathic behavior, and demonstrated an overall pattern of believing that treatment requirements

did not apply to him. **[RP 157]** In addition, there was evidence that Defendant was aggressive and defiant during counseling and treatment sessions, at one point challenging his therapist to a physical confrontation. **[RP 157-58]** The district court found that Defendant violated his probation by failing to comply with the treatment requirements imposed on him as a condition of his probation. **[RP 244]** The district court's finding was amply supported by the evidence of Defendant's lack of cooperation with, and open hostility toward, his counselors and therapist.

{4}     The fact that Defendant may have presented evidence of his inability to pay, and that his failure to attend some counseling sessions was a result of that inability to pay, is not grounds for reversal. First, it was within the district court's discretion to reject Defendant's claim of inability to pay, and without any specific information on that topic we are in no position to disagree with the district court. Second, there is nothing to show that the district court's decision was based on Defendant's failure to attend counseling sessions.  As we pointed out above, there was ample evidence showing that Defendant was hostile, uncooperative, and aggressive in the sessions that he did attend, and the district court could well have based its decision on that evidence rather than any failure by Defendant to attend other sessions.  Again, we note that we must affirm the district court's decision unless we find an abuse of discretion has occurred, and given the evidence presented in this case we can find no such abuse.

{5} Defendant next argues that the district court erred by using a 1979 felony conviction from Colorado to enhance his sentence in this case. Defendant points out that under current law, the 1979 conviction would be too remote in time and would not qualify as a basis for habitual-offender enhancement of his sentence. This argument was not addressed in the calendar notice because, from the docketing statement, it was unclear exactly what argument Defendant was making. Defendant has now clarified his argument, pursuant to a conversation Defendant's appellate counsel had with trial counsel, to raise the above issue. Since this remoteness-in-time argument was not raised in the docketing statement, we will treat Defendant's current argument as a motion to amend the docketing statement to add this issue. For the reasons discussed below, we find that the issue is not viable and therefore deny the motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{6} Defendant essentially argues that the 2002 amendment to the habitual offender statute, NMSA 1978, Section 31-18-17 (2002), bars the use of his 1979 felony conviction for enhancement purposes. According to Defendant, he finished serving his punishment for the 1979 felony more than ten years prior to the 1998 conviction that is involved in this case. Under the current version of Section 31-18-17, such a

remote-in-time felony cannot be the basis for a habitual-offender enhancement. *See* § 31-18-17(D). Defendant argues that the amended version of the statute applies to this case.

{7}      Defendant's argument is barred by *State v. Ortega*, 2004-NMCA-080, ¶¶ 8-9, 135 N.M. 737, 93 P.3d 758. In *Ortega*, as in this case, the defendant was convicted and sentenced for the underlying crime prior to the effective date of the 2002 amendment to the habitual-offender statute. In *Ortega*, as in this case, the defendant negotiated a plea agreement under which certain charges were dropped and the defendant received a partially suspended sentence that included a period of probation. In *Ortega*, as in this case, the defendant later violated the terms of his probation, and was sentenced to a term that included the habitual-offender enhancement that had not been imposed at the time of original sentencing. Finally, in *Ortega*, as in this case, the defendant had a prior felony that would have been too remote in time to be used as a basis for enhancement, if the amended version of Section 31-18-17 were to be applied. We rejected the defendant's argument that the amended version should apply, for two reasons: first, because it is the conviction and not a subsequent probation violation that triggers enhancement as a habitual offender; and second, because the defendant and the State had reached a bargained-for agreement as to sentencing and a subsequent change in the applicable statute would unfairly upset the parties' established

expectations. *See Ortega*, 2004-NMCA-080, ¶¶ 8-9. *Ortega* is on all fours with this case and therefore, for the reasons stated in *Ortega*, Defendant's argument for application of the 2002 amendment to his case is not viable. We therefore reject the motion to amend his docketing statement to raise this argument.

{8} Defendant again argues that the forfeitures of his good-time deductions were erroneous. According to Defendant, if the deductions had not occurred he would have completely served his sentence and the district court would have had no jurisdiction to revoke his probation. As we pointed out in the calendar notice, the district court determined that Defendant had presented no evidence showing that the deduction of good-time credits was unjustified. **[RP 246]** In the memorandum in opposition, Defendant does not refer to any such evidence in the record, but simply repeats his contention that the deductions were erroneous. We therefore continue to rely on the analysis set out in the calendar notice, and hold that Defendant failed to provide evidentiary support for this argument.

{9} Defendant also contends that his due-process rights were violated because the district court did not sufficiently accommodate his hearing disability. The transport officer did not allow Defendant to stop at the V.A. medical facility to obtain hearing aids and have them fitted. As a result, Defendant was forced to read the real-time transcript of the proceedings at his probation-violation hearing, and allegedly was

unable to fully assist his attorney. **[MIO 9-10]** In the calendar notice we suggested that this issue had not been preserved for appeal, because there was no indication that Defendant had objected to the procedure at the time it was employed. The memorandum in opposition does not contest this point, but asks us to address the issue as a matter of fundamental error.

{10}　　In order to sustain a claim of fundamental error, a defendant must demonstrate that he has been prejudiced by the claimed error. *See, e.g., State v. Singleton*, 2001-NMCA-054, ¶ 19, 130 N.M. 583, 28 P.3d 1124 (rejecting a defendant's claim of fundamental error because the "[d]efendant has not shown that he was prejudiced in any way by the juror's excusal"). In this case, however, there was no specific objection at any point in the proceedings that could show Defendant was unable to assist his attorney at that specific time. Instead, all we have is Defendant's global argument that because he was reading the real-time transcript, he was too occupied to provide meaningful help to trial counsel. Significantly, Defendant does not explain how his assistance would have changed the result below, or how he might have been able to help his attorney present a particular argument or respond to a particular argument raised by the State. In sum, Defendant's general claim of prejudice is not sufficient to establish that fundamental error occurred. *See generally In re Ernesto*

7

*M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{11}    Based on the foregoing discussion, and for the reasons stated in the calendar notice, we affirm the district court's decision in this case.

{12}    **IT IS SO ORDERED.**


_____
                                                    **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**