This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 35,144**

**HERBERT HEAD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has filed a motion to amend the docketing statement to add an issue. He has also filed a memorandum in opposition to our calendar notice. For the reasons discussed in this Opinion, the motion to amend is hereby denied and the district court order revoking probation is affirmed.

**Motion to Amend**

{2} Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO 1] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant claims that the district court was precluded from enhancing his sentence as a habitual offender because a probation violation is not a crime that would allow for such enhancement. [MIO 4] However, Defendant's underlying plea agreement expressly stated that he may be subject to habitual offender enhancement of his sentence if he violated probation. [RP 9] Under these circumstances, this Court has held that the enhancement contemplated by the plea is permitted. *See State v. Ortega*, 2004-NMCA-080, ¶ 9, 135 N.M. 737, 93 P.3d 758. As such, we conclude that the issue in the motion to amend is not viable.

**Issue in Docketing Statement**

**{4}** Defendant continues to challenge to the sufficiency of the evidence to support the revocation of his probation. [MIO 3] "In a probation revocation proceeding, the [prosecution] bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [prosecution] to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

3

**{5}** Here, Defendant pleaded guilty to possession of methamphetamine and was placed on probation. [RP 12-13] The State thereafter filed a motion to revoke probation, alleging a violation of two conditions: the failure to obey the law and the failure to report. [RP 18, 20] The State presented evidence that Defendant assaulted his wife and failed to report to his probation officer. [MIO 2] On appeal, Defendant has specifically argued that the State failed to prove his identity. [MIO 2-3] However, Defendant's wife testified and her identification of Defendant was implicit in her testimony. [MIO 2-3] In addition, Defendant's identity was established through various filings in the record. *See Lopez v. LeMaster*, 2003-NMSC-003, ¶ 32, 133 N.M. 59, 61 P.3d 185 (permitting the district court to take judicial notice of its own records). Not only did these filings contain standard identification information such as date of birth and address, but the court could also refer to a photograph of Defendant. [RP 34] As such, we conclude that the evidence was sufficient to support the revocation order.

**{6}** For the reasons set forth in this Opinion, we affirm the district court.

**{7}** **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

4

_____
**TIMOTHY L. GARCIA, Judge**


_____
**M. MONICA ZAMORA, Judge**