This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40449**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**XERXES PEINA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Court Judge**

Raul Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}**      Defendant pleaded no contest to abandonment of a child, resulting in death, and aggravated battery with a deadly weapon and was given a fifteen year sentence, with eight of those years suspended, and a five year term of supervised probation upon release from prison. [1 RP 102, 107; BIC 1][1] When Defendant violated the terms of his probation for the fifth time, the district court revoked his probation and sentenced him to the remaining balance of the original sentence. [2 RP 296, 307] *See* NMSA 1978, § 31-21-15(B) (2016) (stating that, once probation violation is established, the trial court may "require the probationer to serve the balance of the sentence imposed"). Defendant appeals from the district court's order revoking probation, arguing that the district court abused its discretion in refusing to reinstate his probation, thereby subjecting him to cruel and unusual punishment. [BIC 1] Defendant does not challenge the validity of the plea and concedes that the original sentence imposed in the judgment and sentence is authorized by statute. *See State v. Martinez*, 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747 ("A trial court's power to sentence is derived exclusively from statute."). Defendant asserts error only as to the district court's decision to revoke his probation. [BIC 4-5] We review the district court's decision for an abuse of discretion. *See State v. Lindsey,* 2017-NMCA-048, ¶ 22, 396 P.3d 199 ("Sentencing is reviewed for an abuse of discretion.").

**{3}**      Defendant does not identify anywhere in the record where he raised the issue of cruel and unusual punishment in the district court. *See* Rule 12-318(A)(4) NMRA (requiring that brief in chief contain a "statement explaining how the issue was preserved in the court below" with citation to the record proper). "This Court will not search the record to find whether an issue was preserved where defendant did not refer to appropriate transcript references." *State v. Cain*, 2019-NMCA-059, ¶ 28, 450 P.3d 452. Defendant tacitly acknowledges his apparent failure to preserve this issue by asserting that the constitutionality of a sentence may be challenged for the first time on appeal. [BIC 6] In support of this contention, Defendant cites *State v. Sinyard*, 1983-NMCA-150, ¶ 1, 100 N.M. 694, 675 P.2d 426 (holding that the defendant's argument that his sentences was unauthorized by statute was jurisdictional and could be raised for the first time on appeal).

**{4}**      Defendant's citation to *Sinyard* is unpersuasive, however, because *Sinyard* allowed the defendant to make the unpreserved argument that a sentence was *not* authorized by statute for the first time on appeal, whereas here, Defendant concedes his sentence is authorized by statute. *Id.* ¶¶ 1-3. According to our Supreme Court, "a sentence authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal." *State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896; *see State v. Trujillo*, 2002-NMSC-005, ¶ 64 n.4, 131 N.M. 709, 42 P.3d 814 (distinguishing *Sinyard*, 1983-NMCA-150, ¶ 1 (holding that a sentence not authorized by statute could be raised for the first time on appeal), from *State v. Burdex*, 1983-NMCA-087, ¶ 14, 100 N.M. 197, 668 P.2d 313

---

[1]This case contains two separate record proper as a result of the district court consolidating two of Defendant's cases: D-22-CR-2010-04316 and D-202-CR-2013-03191. Unless otherwise indicated, all RP cites refer to the record in D-202-CR-2010-04316.

(concluding that a constitutional claim of cruel and unusual punishment not asserted in trial court is not properly preserved for appeal because such a claim is nonjurisdictional)). Given that Defendant failed to identify where in the record he raised the issue of cruel and unusual punishment in district court, Defendant has failed to demonstrate that he preserved his argument that the district court's order revoking his probation constitutes cruel and unusual punishment; he cannot raise the issue for the first time on appeal. *See Chavarria*, 2009-NMSC-020, ¶ 14.

**{5}** Even assuming Defendant had preserved this issue for appeal, his argument that the district court abused its discretion by revoking his probation is unpersuasive. Generally, a lawful sentence does not constitute cruel and unusual punishment. *See State v. Augustus*, 1981-NMCA-118, ¶ 8, 97 N.M. 100, 637 P.2d 50 (noting that "it is an exceedingly rare case where a term of incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel"). In arguing that his sentence now constitutes cruel and unusual punishment, Defendant attempts to characterize the district court's requirement that Defendant spend 1,095 days in prison as punishment for his positive drug test, arguing that such punishment is disproportionate to the severity or gravity of the offense. [DS 5-7] Defendant's argument in this regard fails to recognize that Defendant was punished for the underlying offenses for which he was convicted, not for the probation violation itself. *See State v. Ortega*, 2004-NMCA-080, ¶ 8, 135 N.M. 737, 93 P.3d 758 (holding that sentence carried out on revocation of probation is based on commission of the underlying crime for which probation had been imposed and not on the act of violating probation).

**{6}** Defendant also suggests that his probation would not have been revoked if he had been part of the district court's technical violation program and that the 1,095 day prison sentence that he received is greater than the one he would have received as part of the program. [BIC 7-8] Such an argument is based purely on conjecture. Defendant has neither demonstrated that he was eligible for such a program, nor identified any authority to suggest that the district court committed reversible error in not authorizing him for that program. [BIC 2-3, 7] *See* LR2-307(B) NMRA (establishing technical violation program and identifying appropriate sanctions to be imposed upon participants when they commit their first, second, third, and fourth technical violations).

**{7}** Furthermore, despite his argument that the district court was "unjust and unwarranted" in denying him yet another chance to complete probation, we note that Defendant cannot claim entitlement to judicial clemency. *See State v. Padilla*, 1987-NMCA-116, ¶ 7, 106 N.M. 420, 744 P.2d 548 (observing that, with regard to probation, "[t]he suspension or deferment of a sentence is not a matter of right, but a decision reserved to the sound discretion of the sentencing court . . . [which] is considered an act of clemency" (citation omitted)). *See generally State v. Lopez*, 2007-NMSC-011, ¶ 12, 141 N.M. 293, 154 P.3d 668 ("By failing to comply with probation conditions, a defendant demonstrates that clemency is not appropriate because he or she is not willing or able to be rehabilitated. It follows that the court must have broad power to adjust a defendant's sentence by revoking probation when necessary.").

{8}     Because Defendant's original sentence was in accordance with the law, and given the number of times Defendant violated probation prior to this revocation, we conclude that Defendant has failed to demonstrate that the district court's order revoking his probation was an abuse of discretion. *See State v. Apodaca*, 1994-NMSC-121, ¶ 23, 118 N.M. 762, 887 P.2d 756 ("We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)); *see also State v. Sanchez*, 2001-NMCA-060, ¶ 27, 130 N.M. 602, 28 P.3d 1143 (recognizing that requiring a defendant to serve the original sentence following probation revocation does not constitute cruel and unusual punishment where the original sentence was within statutory limits); *State v. Cawley*, 1990-NMSC-088, ¶ 26, 110 N.M. 705, 799 P.2d 574 (observing that there is no abuse of discretion where the sentence falls within the range afforded by the sentencing statutes). Accordingly, we conclude that Defendant has not demonstrated error in this case, and we affirm. *See Chavarria*, 2009-NMSC-020, ¶ 14; *Sanchez*, 2001-NMCA-060, ¶ 27.

{9}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**